Sara B. Brody (SBN 130222)
sbrody@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIE CHAPPEL, derivatively on behalf of OUTSET MEDICAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LESLIE TRIGG, NABEEL AHMED, REBECCA CHAMBERS, KAREN DREXLER, D. KEITH GROSSMAN, PATRICK T. HACKETT, JIM HINRICHS, DALE E. JONES, ANDREA L. SAIA, and CATHERINE SZYMAN, <br><br> Defendants, <br><br> vs. <br><br> OUTSET MEDICAL, INC., <br><br> Nominal Defendant. | Case No. 5:24-cv-08597-EJD <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER TO STAY DERIVATIVE ACTION** <br><br> Assigned to: Hon. Edward J. Davila |

WHEREAS, Plaintiff Marie Chappel ("Plaintiff"); Defendants Leslie Trigg, Nabeel Ahmed, Rebecca Chambers, Karen Drexler, D. Keith Grossman, Patrick T. Hackett, Jim Hinrichs, Dale E. Jones, Andrea L. Saia, and Catherine Szyman (collectively, the "Individual Defendants"), and Nominal Defendant Outset Medical, Inc. ("Outset" and, together with the Individual Defendants, "Defendants") jointly submit this Joint Stipulation and [Proposed] Order to Stay the Derivative Action ("Stipulation"), and in support thereof state as follows:

WHEREAS, on November 29, 2024, Plaintiff commenced this shareholder derivative action purportedly on behalf of Outset against the Individual Defendants alleging, among other things, violations of federal securities laws and breaches of fiduciary duty (the "Derivative Action") (ECF No. 1);

WHEREAS, the undersigned counsel for the Defendants have agreed to accept service of the Complaint and summons on their behalf, while expressly reserving all rights and defenses available to the Defendants;

WHEREAS, on August 29, 2024, a related securities class action was filed in this Court captioned *Porcelli v. Outset Medical, Inc. et al*, 5:24-cv-06124-EJD (the "*Porcelli* Action");

WHEREAS, on October 18, 2024, a related securities class action was filed in this Court captioned *Plymouth County Ret. Ass'n v. Outset Medical, Inc. et al*, 4:24-cv-07267-HSG (together with the *Porcelli* Action, the "Securities Class Actions");

WHEREAS, there is substantial overlap between the facts and circumstances alleged in the Derivative Action and the Securities Class Actions, including the potential relevance of many of the same documents and witnesses;

WHEREAS, motions to consolidate, appoint lead plaintiff, and approve the selection of lead counsel currently are pending in connection with the Securities Class Actions, and Defendants anticipate that once a lead plaintiff is appointed, a consolidated amended complaint will be filed by the lead plaintiff in the Securities Class Actions;

WHEREAS, subject to reviewing any consolidated amended complaint that may be filed, it is anticipated that the defendants in the Securities Class Actions will file a motion to dismiss the actions;

WHEREAS, counsel for Plaintiff and Defendants in the Derivative Action have conferred concerning the most efficient manner in which to litigate the claims and agree that the manner in which the Securities Class Actions proceeds may help to inform the manner in which the Derivative Action proceeds; and

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, the Parties have agreed that, in light of the overlap between the Derivative Action and the Securities Class Actions, that the Derivative Action should be voluntarily stayed on the terms set forth below until the resolution of the anticipated motions to dismiss in the Securities Class Actions;

THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, by and through their counsel, and subject to the approval of the Court, that:

1. The Derivative Action, including any conferences currently scheduled, shall be stayed, upon the Court's so-ordering this Stipulation as an Order of the Court, until the resolution of the anticipated motions to dismiss in the Securities Class Actions.

2. Defendants hereby accept service of the Complaint in the Derivative Action.

3. Defendants shall promptly notify Plaintiff of the filing of any related derivative actions brought on behalf of Outset ("Related Derivative Actions").

4. Defendants shall promptly notify Plaintiff if a Related Derivative Action is not stayed for a similar or longer duration than the Derivative Action.

5. The Parties agree that notwithstanding this stay of this Derivative Action, Plaintiff may designate an operative complaint or file an amended complaint, however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the Derivative Action during the pendency of this stay.

6. The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed, to, or transferred to this Court that any Party determines is related to this action, and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

7.     The Parties shall notify the Court within thirty (30) days after the occurrence of either of the following events and shall set forth in that notice the Parties' positions as to whether the stay should be lifted or continued: (1) the dismissal of the Securities Class Actions, with prejudice, by the court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Class Actions in whole or in part such that the Securities Class Actions proceed to discovery (e.g., that the Securities Class Actions lead plaintiff does not amend the Securities Class Actions complaints).

8.     Any of the Parties to this Stipulation may seek to lift the stay even in the absence of a triggering event described in Paragraph 7 by filing an application with the Court setting forth the reasons the stay should be lifted, and any Party to this Stipulation opposing such an application must file their opposition within ten (10) business days thereafter. Plaintiff also has the option to terminate the stay if a Related Derivative Action is not stayed for a similar or longer duration than the Derivative Action by giving fourteen (14) days' notice to counsel for Defendants via email. Defendants may thereafter move to stay the Derivative Action but not on the grounds that a Related Derivative Action should proceed before the Derivative Action.

9.     Within thirty (30) days after the stay of the Derivative Action is terminated, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Action, including the date by which Defendants must answer, move, or otherwise respond to an operative complaint.

10.    During the stay, Defendants shall promptly notify Plaintiff of and shall include Plaintiff in any mediation and in any formal settlement talks between the parties in the Securities Class Actions and in any Related Derivative Action.

11.    Defendants shall promptly provide Plaintiff, with undersigned counsel as Plaintiff's designated receiving agent, copies of any documents produced by Outset in connection with any demand pursuant to Section 220 of the Delaware General Corporate Law, 8 *Del. C. §220*, based on the same or similar set of facts as those alleged in this Derivative Action, subject to entry of an appropriate confidentiality agreement or protective order that permits Plaintiff to use such documents

in Plaintiff's case, and all documents produced to Plaintiff pursuant to paragraph 11 will be deemed incorporated by reference in any subsequent amended complaint filed by Plaintiff.

12. Notwithstanding their agreement to stay the Derivative Action, the Parties reserve all of their respective rights, claims, and defenses in this Derivative Action, and no part of this Stipulation shall be construed as a waiver of any rights, claims, or defenses, including that Defendants reserve their right to challenge this action as brought in an improper forum.

**IT IS SO STIPULATED.**

Dated: March 20, 2025

Respectfully submitted,

**THE BROWN LAW FIRM, P.C.**

By: */s/ Robert C. Moest*
Robert C. Moest, Of Counsel (SBN 62166)
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Email: RMoest@aol.com

Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

*Attorneys for Plaintiff*

Dated: March 20, 2025

**SIDLEY AUSTIN LLP**

By: */s/ Jaime A. Bartlett*
Jaime A. Bartlett
Sara B. Brody
Sarah E. Gallo
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Email: sbrody@sidley.com
Email: jbartlett@sidley.com
Email: sgallo@sidley.com

*Attorneys for Defendants*

**LOCAL RULE 5-1 ATTESTATION**

I, Jaime A. Bartlett, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order. In compliance with Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: March 20, 2025                                          By: */s/ Jaime A. Bartlett*

\*   \*   \*

~~[PROPOSED]~~ **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: March 25, 2025

_____
Honorable Edward J. Davila